# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RULON AUFDEMONTE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-cv-293DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion to Dismiss. The parties have fully briefed the motion. The court concludes that oral argument would not significantly aid the court in deciding the issues presented in Defendant's motion to dismiss. *See* DUCivR 7-1(f) (motions not set for hearing will be decided based on the written memoranda submitted by the parties). Having fully and carefully considered the motion and memoranda submitted by the parties, as well as the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

**DISCUSSION**

1. **Motion to Dismiss Standard**

    A motion to dismiss a claim for lack of subject matter jurisdiction is grounded in Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). For a civil case to be heard in federal court, the court must have jurisdiction over the subject matter of the claim. Subject matter jurisdiction is an organizing principle to ensure that actions are brought into the proper courts.

2. **Defendant's Motion to Dismiss**

    Defendant's motion to dismiss for lack of subject matter jurisdiction is brought on two grounds: (1) the United States Postal Service (USPS) is immune from tort liability under the Federal Tort Claims Act; and (2) the United States as a substitute defendant would not support Plaintiff's claim because the court lacks jurisdiction over the claim.

    a. **USPS Immunity Under the Federal Tort Claims Act**

    The United States, its agencies and its instrumentalities are immune from suit except as Congress has expressly consented by statute. The precise terms of such consent define any court's jurisdiction to entertain an action brought pursuant to it. *See, e.g., United States v. Dalm*, 494 U.S. 596, 608 (1990). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et. seq.*, is such a statute. Actions seeking to recover in tort against the United States and its agencies or employees, based on conduct within the scope of employment, are governed by the Act, which constitutes a limited waiver of sovereign immunity. In a civil action brought under the FTCA, the only proper defendant is the United States. *Oxendine v. Kaplan*, 241 F. 2d 1272, 1275 n.4 (10th Cir. 2001); 28 U.S.C. §§ 1345(b)(1), 2679(a). In other words, the FTCA does not allow a federal agency like the USPS to be sued. *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir.

2002). Instead, the USPS is shielded from civil liability as an agency of the United States. For these reasons, Plaintiff cannot bring an action against the USPS under the FTCA.

### b. Substitution of the United States as a Defendant Would not Support Plaintiff's Claim because the Court Lacks Jurisdiction over the Claim

When claims fail under the FTCA for lack of naming a proper defendant, it is common for plaintiffs to amend their complaints and name the United States as a substitute defendant. In Plaintiff's action, however, the court would still lack subject matter jurisdiction over Plaintiff's claim. In order to bring an action against the United States, Plaintiff first needed to timely file his administrative claim with the USPS. The FTCA requires that the tort claim be presented to the responsible agency within two years after it accrues. 28 U.S.C. §§ 2401(b). "Thus, if a litigant does not satisfy the timing requirement of §§ 2401(b), the district court must dismiss for lack of subject matter jurisdiction." *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003). Plaintiff's failure to timely file his claim with the USPS according to §§2401(b) disqualifies him from bringing an action in federal court against the United States under the FTCA.

Even after naming the United States as a proper defendant and filing timely with the USPS as the "responsible agency" under §§2401(b), Plaintiff's claim against the United States would fail because the FTCA specifically bars tort claims against the United States arising from the process of mail delivery. 28 U.S.C. § 2680(b). Specifically, Section 2680(b) bars "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The Supreme Court further explained that 2680(b) applies broadly to "failings in the postal obligation to deliver mail in a timely manner to the right address, …" *Dolan v. U.S. Postal Service*, 546 U.S. 481, 487 (2006). Plaintiff has brought an action against the USPS, a

United States Agency, for the loss of mail. Because this claim falls directly under Section 2680(b) of the FTCA, the complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiff's case is dismissed with prejudice.

DATED this 9th day of July, 2010.

_____
DALE A. KIMBALL,
United States District Judge